ORIGINAL

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS

**FILED**

MAY 1 8 2005

CLERK, U.S. DISTRICT COURT
By _____
            Deputy

AVO HOGAN and JULIAN W. MEADOWS,)
On Behalf of Themselves and All Others )
Similarly Situated, )
)
     Plaintiffs, )
)                    Civil Action No. 3:05-CV-73
v. )
)
BOB R. BAKER, et al., )
)
     Defendants. )

## MEMORANDUM OF LAW
## IN SUPPORT OF THE A I M DEFENDANTS' MOTION TO DISMISS

Paul E. Ridley
State Bar No. 16901400

KIRKPATRICK & LOCKHART
NICHOLSON GRAHAM LLP
2828 North Harwood Street, Suite 1800
Dallas, Texas 75201
(214) 939-4900 (main)
(214) 939-4949 (fax)

Of Counsel:

Jeffrey B. Maletta
1800 Massachusetts Avenue, N.W.
Washington, D.C. 20036
(202) 778-9000

# TABLE OF CONTENTS

I.      INTRODUCTION ............................................................................................. 1

II.     ALLEGATIONS OF THE COMPLAINT........................................................ 3

III.    ARGUMENT .................................................................................................... 4

    A.      Plaintiffs Lack Standing To Assert Claims......................................................4

    B.      Plaintiffs' Claims Are Derivative And Must Be Dismissed for Failure To Comply With Federal Rule of Civil Procedure 23.1.................................................5

        1.      Plaintiffs' Claims Are Derivative ...............................................................5

        2.      Plaintiffs Have Failed to Comply with Rule 23.1.......................................6

    C.      Plaintiffs' Federal Claims Must Be Dismissed For Failure To State A Claim.........7

        1.      Count III Fails to State a Claim Because There Is No Private Right of Action Under ICA Section 36(a). ...............................................................7

        2.      Count IV Fails to State a Claim Under ICA Section 36(b). ........................8

        3.      Count V Fails to State a Claim Under ICA §47(b) and Plaintiffs Lack Standing. ...................................................................................................10

        4.      Plaintiffs' State Law Claims Should Be Dismissed...................................10

IV.     CONCLUSION............................................................................................... 11

# TABLE OF AUTHORITIES

## CASES

*Alexander v. Sandoval*, 532 U.S. 275 (2001)................................................................7

*Beam v. Stewart*, 845 A.2d 1040 (Del. 2004) ...........................................................6, 7

*Chamberlain v. Aberdeen Asset Mgt. Limited*, No. 02 CV 5870 (SJ), 2005 WL. 195520
(E.D.N.Y. Jan. 21, 2005) .....................................................................................8

*Daily Income Fund, Inc. v. Fox*, 464 U.S. 523 (1984)................................................9

*Franchise Tax Board of California v. Alcan Aluminum Ltd.*, 493 U.S. 331 (1990)......................4

*Gartenberg v. Merrill Lynch Asset Management, Inc.*, 694 F.2d 923 (2d Cir. 1982) ...................9

*Green v. Fund Asset Management, L.P.*, 147 F. Supp. 2d 318 (D.N.J. 2001)................................9

*Kamen v. Kemper Finance Services*, 908 F.2d 1338 (7th Cir. 1990) , rev'd on other
grounds, 500 U.S. 90 (1991); S..............................................................................9

*Kamen v. Kemper Financial Services, Inc.*, 500 U.S. 90 (1991) ......................................5

*Kramer v. Western Pacific Industries Inc.*, 546 A.2d 348 (Del. 1988) ...............................6

*Krim v. PC Order*, 402 F.3d  489 (5th Cir. 2005)......................................................4

*Lapidus v. Hecht*, 232 F.3d 679 (9th Cir. 2000) .......................................................5

*Lessler v. Little*, 857 F.2d 866 (1st Cir. 1988) ...................................................6, 10

*Lujan v. Defenders of Wildlife*, 504 U.S. 555 (1992) ..................................................4

*Migdal v. Rowe Price-Fleming International, Inc.*, 248 F.3d 321 (4th Cir. 2001)....................8, 9

*Olmsted v. Pruco Life Insurance Co.*, 283 F.3d 429 (2d Cir. 2002).................................7, 8

*Smith v. Waste Management, Inc.*, No. 04-20380, 2005 WL. 873329 (5th Cir. April 15,
2005) ...........................................................................................................6

*Tarlov v. Paine Webber Cash Fund, Inc.*, 559 F. Supp. 429 (D. Conn. 1983)...........................10

*Tooley v. Donaldson Lufkin & Jenrette, Inc.*, 845 A.2d 1031 (Del. 2004)..............................6

*U.S. Bancorp Mortgage Co. v. Bonner Mall Partnership*, 513 U.S. 18 (1994) ..........................8

*United Mine Workers of America v. Gibbs*, 383 U.S. 715 (1966) ..................................................11

*Valley Forge Christian College v. Americans United for Separation of Church & State, Inc.*, 454 U.S. 464 (1982)..................................................................................................................4

## STATUTES

15 U.S.C. § 80a - 35(b) ...............................................................................................................8

28 U.S.C. § 1367(c) ....................................................................................................................11

Fed.R.Civ.P. 23.1 .......................................................................................................................2

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| AVO HOGAN and JULIAN W. MEADOWS, On Behalf of Themselves and All Others Similarly Situated, | ) ) ) ) | |
| Plaintiffs, | ) ) | Civil Action No. 3:05-CV-73 |
| v. | ) ) | |
| BOB R. BAKER, et al., | ) ) | |
| Defendants. | ) | |

### MEMORANDUM OF LAW
### IN SUPPORT OF THE A I M DEFENDANTS' MOTION TO DISMISS

Defendants, A I M Investments, Ltd.,[1] A I M Advisors, Inc., A I M Capital Management, Inc., INVESCO Institutional (N.A.), Inc., Mark H. Williamson and Robert H. Graham, submit this Memorandum in support of their motion to dismiss the Complaint in this action.

### I.      INTRODUCTION

The claims in this case are as meritless as they are simple. Defendants A I M Advisors, Inc., A I M Capital Management, Inc. and INVESCO Institutional (N.A.), Inc., (collectively "the Adviser Defendants") are investment advisers alleged to be responsible for the management of the A I M group of approximately 70 mutual funds known as the A I M Funds. Defendants Williamson and Graham are trustees of the A I M Funds.[2] For simplicity, these defendants are collectively referred to as the "A I M Defendants." The Adviser Defendants are responsible for management of the A I M group of mutual funds (the "A I M Funds"). (Compl. ¶¶ 11, 13).

---

[1]      "A I M Investments, Ltd." is a non-existent entity and is thus not subject to suit.

[2]      Messrs. Williamson and Graham are referred to as "Interested Trustees" because they are officers of one or more of the Adviser Defendants. The trustees who are "not interested" or independent are separately represented and are simultaneously moving to dismiss.

The Plaintiffs are two individuals who each claim to have "owned one of the Funds" -- although they never hint at which Fund either owns. (Compl. ¶ 10). Plaintiffs allege that they have been damaged because the Adviser Defendants failed to cause certain -- again unspecified -- A I M Funds to participate in the distributions from settlement funds created in class actions involving securities of publicly-traded companies. The complaint lists over 130 class action settlements, but makes no effort to identify which A I M Fund should have participated in which settlement.

Plaintiffs allege five causes of action, purportedly on behalf of a class composed of all shareholders of all A I M Funds. Three claims are based on federal law: Sections 36(a), 36(b), and 47(b) of the Investment Company Act of 1940 ("ICA"), respectively. The other two claims are for breach of fiduciary duty (Count I) and negligence (Count II) under state common law.

The Complaint should be dismissed in its entirety for the following reasons:

(1)    The Complaint fails to establish that Plaintiffs have standing. Plaintiffs allege that they each own shares in only one unidentified A I M Fund but there is no allegation that these Funds or, indeed, any group of Funds, were eligible to participate in the settlements and failed to do so. Any injury to Plaintiffs is therefore purely speculative and will not support standing under Article III.

(2)    Assuming that Plaintiffs may have standing to bring any claims relating to any one Fund, the claims they have asserted are entirely derivative; that is, they are asserted for injuries to the Funds. Therefore, except for Count IV, the claim under ICA Section 36(b), they must be dismissed for failure to comply with Fed.R.Civ.P. 23.1 and applicable state law governing derivative claims, which require, among other things, that plaintiff make demand on the board of trustees or plead the reasons for failure to make such a demand.

(3)   The Count III claim under ICA Section 36(a) fails to state a claim in that there is no express or implied private right of action under that section.

(4)   The Count IV claim under ICA Section 36(b) fails to state a claim. Federal courts uniformly hold that Section 36(b) is limited to a particular issue -- excessive advisory fees. This issue is completely absent from the complaint, which makes no mention of fees at all.

(5)   The Count V claim under ICA Section 47(b), which allows derivative claims for rescission of contracts that violate the ICA, fails because it does not allege that the making or performance of the Funds' investment advisory contracts involved a violation of any provision of the ICA and because Plaintiffs lack standing.

## II.   ALLEGATIONS OF THE COMPLAINT

Plaintiffs' injuries and the conduct allegedly causing those injuries are alleged only in broad and conclusory terms.  Plaintiffs allege that all Defendants acted improperly when they "failed to ensure that the Funds participated in (or opted out of)" more than 100 class action settlements. (Compl. ¶ 5.)  "If the Defendants had submitted Proof of Claim forms on behalf of the Funds in these cases . . ., the settlement funds would have increased the total assets held by the Funds, and such increase would have been allocated immediately to the then-current investors[.]"  (Compl. ¶ 25.)  Plaintiffs allege that A I M Funds were eligible to participate in such settlements, although Plaintiffs fail to identify the Funds or settlements.   Plaintiffs nonetheless purport to advance claims on behalf of "all persons who owned one of the Funds at any time between January 10, 2000 through January 10, 2005 and who suffered damages thereby." (Compl. ¶ 6.)  Although Plaintiffs also allege only that they each "owned one of the Funds" (Compl. ¶ 10.), they claim they may sue on behalf of shareholders in all A I M Funds because the Funds are managed by the same Advisers and have the same directors, similar contracts and allegedly follow the "same policy and custom."

3

### III.   <u>ARGUMENT</u>

#### A.   **Plaintiffs Lack Standing To Assert Claims.**

The allegations make it clear that any injury to Plaintiffs is entirely speculative. Plaintiffs make no claim to own shares of any identified fund that was eligible to participate in any of the listed class actions. They do not even allege that any identified A I M Fund owned any of the securities involved in these settled lawsuits. To have standing to sue in federal court, a plaintiff must allege that he or she has suffered an injury in fact that is "concrete and particularized" and not "conjectural or hypothetical." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992) (citations and internal quotation marks omitted). The complaint simply fails to allege any "particularized" injury. Indeed it is so vague as to the Plaintiffs' ownership of shares in a Fund and that Fund's eligibility to participate that it does not present an actual controversy. In order to satisfy Article III's "case or controversy" requirements, a party invoking the court's authority must "show that he personally has suffered some actual or threatened injury as a result of the putatively illegal conduct of the defendant . . . ." *Franchise Tax Bd. of California v. Alcan Aluminum Ltd.*, 493 U.S. 331, 335 (1990) (quoting *Valley Forge Christian College v. Americans United for Separation of Church & State, Inc.*, 454 US. 464, 472 (1982) (internal quotation marks, citations omitted)).

Plaintiffs make no concrete or particularized claim of injury here. Instead they speculate that because a number of A I M Funds would appear to be eligible to invest in securities that are the subject of the listed class actions, the Funds "had valid claims in many if not all" of the class actions, and failed to file proofs of claims. (Complaint ¶ 24). Plaintiffs essentially admit their injury is speculative: All of these allegations are made on "information and belief." Speculation is not enough. Indeed, it is not enough for a plaintiff to allege that it is likely or even statistically probable that he or she is with the class eligible to bring suit. *See Krim v. PC Order*, 402 F.3d

4

489, 497 (5th Cir. 2005) (holding that a high statistical probability that plaintiff purchased shares covered by registration statement was not sufficient to create standing under Section 11 of the Securities Act). The Complaint should therefore be dismissed in its entirety.

**B.      Plaintiffs' Claims Are Derivative And Must Be Dismissed for Failure To Comply With Federal Rule of Civil Procedure 23.1.**

The claims in Counts I, II, III, and V must be dismissed because they are derivative claims -- claims for injury to the Funds that belong to the Funds, not direct claims that may be asserted by shareholders in class actions -- and Plaintiffs have failed to satisfy the demand requirement in such cases. The derivative nature of the claims is plain from the face of the Complaint. Plaintiffs claim that the assets of the Funds were diminished because the Defendants did not participate in certain class action settlements. (Complaint ¶ 25.) Thus, the alleged harm is an injury to the Funds. Such quintessentially derivative claims belong to the Fund, not its individual shareholders. Plaintiffs may not pursue such relief on behalf of a Fund unless they first make demand on its board, or allege valid reasons for not doing so.

**1.      Plaintiffs' Claims Are Derivative**

The question of whether a plaintiff's claims involving a registered investment company are direct or derivative is governed by the law of the state in which the relevant business entity was organized. *Kamen v. Kemper Financial Services, Inc.*, 500 U.S. 90, 108-09 (1991); *Lapidus v. Hecht*, 232 F.3d 679, 682 (9th Cir. 2000). The A I M Funds are organized as Delaware statutory trusts. Accordingly, Delaware law governs.[3]

To determine under Delaware law whether a cause of action is derivative or direct, the Court must evaluate the nature of the wrong alleged and the relief that Plaintiffs would be

---

[3]      A court may take judicial notice of information in publicly available filings, like fund annual reports filed with the Securities and Exchange Commission. See www.sec.gov.

entitled to if they prevailed. *See Kramer v. Western Pacific Industries Inc.*, 546 A.2d 348, 352 (Del. 1988). The Delaware Supreme Court has recently confirmed that to be direct "[t]he stockholder's claimed direct injury must be independent of any alleged injury to the corporation." *Tooley v. Donaldson Lufkin & Jenrette, Inc.*, 845 A.2d 1031, 1039 (Del. 2004). *See Smith v. Waste Management, Inc.*, No. 04-20380, 2005 WL 873329, at *3 (5th Cir. April 15, 2005) (citing *Tooley*). A claim is derivative unless plaintiff can "demonstrate . . . that he or she can prevail without showing an injury to the corporation." *Id.*

Here there is no question that any injury alleged in the Complaint is an injury to an entity -- a Fund that did not receive a distribution in a class action settlement. According to the allegations in the Complaint, the A I M Funds owned the securities; and subject to the class action settlements, the A I M Funds had the right to participate and the Funds' assets were diminished in the event that a claim was not filed. (Complaint ¶ 25.) Indeed, it is difficult to imagine a clearer example of a claim that belongs to an entity and that a shareholder may only pursue through a derivative claim on behalf of that entity.[4]

## 2.    Plaintiffs Have Failed to Comply with Rule 23.1

Delaware law requires that prior to bringing a derivative claim on behalf of an entity, the shareholder must first make a demand on the board to take action.[5]    *See, e.g., Tooley v. Donaldson*, 845 A.2d 1031, 1036 (Del. 2004); *Beam v. Stewart*, 845 A.2d 1040, 1048 (Del.

---

[4]        With respect to the claim under section 47 of the ICA, in which plaintiffs seek to have the Funds' investment contracts rescinded, the statutory text itself makes plain that plaintiffs' only cause of action (if any) is derivative. *See Lessler v. Little*, 857 F.2d 866, 874 (1st Cir. 1988) ((["Plaintiff] appears to have overlooked the plain language of the very statutory section he invokes. Section 47(b)(1) declares that contracts entered into in violation of the other provisions of the Investment Company Act are 'unenforceable by either party.' 15 U.S.C. § 80a-46(b)(1). [Plaintiff] is not a party to the Narragansett-Monarch contract, nor does his complaint assert a derivative action on behalf of Narragansett, which is a party. [Plaintiff] proceeds solely on his own behalf as a shareholder and on behalf of others similarly situated. As our previous decisions have made clear, a shareholder such as [plaintiff] lacks standing to pursue on his own claims properly belonging to the corporation.").

[5]        The requirements for maintaining a derivative action on behalf of a Delaware statutory trust are essentially the same as those for maintaining a derivative claim on behalf of a corporation. Compare Del. Code. Ann. tit 12 §3816 and Del. Ch. Rule 23.1.

2004). Only in limited circumstances, where demand would be "futile," is this requirement excused. *Beam*, 845 A.2d at 1048.

Federal Rule of Civil Procedure 23.1 governs derivative actions in federal court. It requires, among other things, that "the complaint also allege with particularity the efforts, if any, made by the plaintiff to obtain the action the plaintiff desires from the directors or comparable authority . . . and the reasons for the plaintiff's failure to obtain the action or for not making the effort." In short, Rule 23.1 requires plaintiff to plead that he has made demand or plead, with particularity, why demand is excused.

The Complaint has no allegations addressing either demand or the reasons demand is excused, and, accordingly, Counts I, III, IV and V must be dismissed.

**C.      Plaintiffs' Federal Claims Must Be Dismissed For Failure To State A Claim.**

Plaintiffs' failure to state any claim under federal law is an entirely separate and alternative basis for dismissing the Complaint.

**1.      Count III Fails to State a Claim Because There Is No Private Right of Action Under ICA Section 36(a).**

Plaintiffs' Section 36(a) claim fails because that provision does not include an express private right of action and none is implied.

Recent Supreme Court jurisprudence establishes that federal courts should refuse to read a private right of action into a securities statute where, as here, the statute's plain language does not support such a right. *See Alexander v. Sandoval*, 532 U.S. 275, 287 (2001) (past decisions reflecting judicial willingness to make statutory purpose effective in the context of implied rights of action belong to an "ancient regime"). Applying the *Sandoval* analysis, the Second Circuit in *Olmsted v. Pruco Life Ins. Co.*, 283 F.3d 429, 432 (2d Cir. 2002), refused to imply private rights of action under the ICA. The *Olmsted* court held that where a provision of the ICA does not

7

explicitly provide for a private right of action, "we must presume that Congress did not intend one." *Id.* Although certain courts had formerly implied private rights of action under Section 36(a), these decisions were rendered under the "ancien regime" of freely implying such rights. They now are no longer "good law." *See Chamberlain v. Aberdeen Asset Mgt. Limited*, No. 02 CV 5870 (SJ), 2005 WL 195520, at *2 (E.D.N.Y. Jan. 21, 2005) (applying *Sandoval* and *Olmsted* to find no implied private right of action under § 36(a)).[6]

### 2.       Count IV Fails to State a Claim Under ICA Section 36(b).

Plaintiffs do not and cannot allege the requisite elements of a claim under ICA Section 36(b).[7] Section 36(b) recognizes a "fiduciary duty with respect to the receipt of compensation for services." 15 U.S.C. § 80a - 35(b). Courts construing this provision uniformly recognize that it creates a narrow duty, limited to breaches of fiduciary duty relating to investment advisory fees, and that plaintiffs may not use Section 36(b) to bring general breach of fiduciary duty claims. *See Migdal v. Rowe Price-Fleming Int'l, Inc.*, 248 F.3d 321, 329 (4th Cir. 2001) (dismissing § 36(b) claim because "[g]eneral breach of fiduciary claims which involve merely an incidental or speculative effect on advisory fees are not properly within the scope of Section 36(b)"). A claim that fund advisors made poor decisions or mismanaged the fund therefore is not cognizable under Section 36(b).

Moreover, courts consistently have construed Section 36(b) as requiring "the federal courts to decide whether the fees charged by investment advisers are "excessive." *See Migdal*,

---

[6]       The parties in the *Chamberlain* case moved to vacate the court's order in order to proceed to settlement. *See* Order dated April 6, 2005, a true and accurate copy of which is attached to the Ridley Declaration, App. At 3-4. The court subsequently granted the parties' motion, but expressly ruled that its Order was not a "negation of the substance of the previously issued Order." *See id.* The form of the Order, as well as the Supreme Court precedent, makes it clear that *Chamberlain* remains valid authority. *U.S. Bancorp Mortgage Co. v. Bonner Mall Partnership*, 513 U.S. 18, 26-27 (1994) (limiting the extent to which civil adversaries can vacate a prior opinion and recognizing that such action would "disturb the orderly operation of the federal judicial system").

[7]       Plaintiffs assert § 36(b) claims against only Adviser Defendants and the Parent Company Defendant (the "§ 36(b) Defendants"). The § 36(b) arguments address only those defendants.

248 F.3d at 328 ("Section 36(b) is sharply focused on the question of whether the fees themselves were excessive."); *Kamen v. Kemper Fin. Servs.*, 908 F.2d 1338, 1339-40 (7th Cir. 1990) (citing *Daily Income Fund, Inc. v. Fox*, 464 U.S. 523, 534-41 (1984)), rev'd on other grounds, 500 U.S. 90 (1991); *Gartenberg v. Merrill Lynch Asset Mgmt., Inc.*, 694 F.2d 923, 928 (2d Cir. 1982) ("To be guilty of a violation of § 36(b) . . . the adviser-manager must charge a fee that is so disproportionately large that it bears no reasonable relationship to the services rendered and could not have been the product of arm's-length bargaining.").

As the Fourth Circuit held in *Migdal*, to state a claim for a violation of Section 36(b), plaintiff must assert specific facts demonstrating that the fees are excessive. 248 F.3d at 327. Plaintiffs' Section 36(b) claim is completely defective in that it never mentions fees at all. Instead it focuses on what is, at best, an alleged breach of general fiduciary duties -- purported mismanagement of the Funds by failing to complete and submit claim forms. Even assuming that it occurred, the alleged misconduct could in no way result in "excessive" fees. To the contrary, the alleged breach of duty here, failure to cause the Funds to participate in class action settlements, would result in *lower* fund assets and, thus, *lower* advisory fees for Defendants. In short, Plaintiffs simply have not and cannot allege any breach of "fiduciary duty with respect to the receipt of compensation for services" in the context of this case.[8]

---

[8]   Plaintiffs also fail to allege facts supporting liability of the Parent Company Defendant under § 36(b). Only an investment advisor or an affiliate of such advisor may be liable under § 36(b). Plaintiffs allege neither that the Parent Company Defendant is an investment advisor, nor that it qualifies as an affiliate under § 36(b). Affiliate liability under § 36(b) is limited to situations where "the investment adviser . . . tr[ies] to evade liability by arranging for payments to be made not to the adviser itself but to an affiliated person of the adviser." *Green v. Fund Asset Mgmt., L.P.*, 147 F. Supp. 2d 318, 330 (D.N.J. 2001) (quoting S. Rep. No. 91-184 (1970)). Plaintiffs make no such allegation.

3.     **Count V Fails to State a Claim Under ICA §47(b) and Plaintiffs Lack Standing.**

Section 47(b) does provide a private right of action, but only for rescission, and only when brought by the Fund or derivatively on behalf of a Fund. Thus, as a threshold matter, Plaintiffs lack standing to assert a Section 47(b) claim. Section 47(b) states: "A contract that is made, or whose performance involves, a violation of this subchapter . . . is unenforceable by either party (or by a nonparty to the contract who acquired a right under the contract with knowledge of the facts by reason of which the making or performance violated or would violate any provision of this subchapter . . . ." In *Lessler v. Little*, 857 F.2d 866, 874 (1st Cir. 1988), the court dismissed a claim seeking to void an investment company sales contract under Section 47(b) because the plaintiff was not a party to the contract. The plaintiff had brought the action not as a derivative action but as a direct action. *Id.* Plaintiffs here are unquestionably not parties to any alleged agreements between any Defendants or Funds; and, therefore; Plaintiffs have no standing to bring a Section 47(b) claim. Thus, Count V should be dismissed.

Moreover, Section 47(b) provides no remedy where the contract itself or its performance does not violate the ICA. *See, e.g., Tarlov v. Paine Webber Cash Fund, Inc.*, 559 F. Supp. 429, 438 (D. Conn. 1983) ("plaintiff can seek relief under Section 47 only by showing a violation of some other section of the Act").

Here, there is no allegation that the making or performance of the advisory contracts Plaintiffs seek to have rescinded violated any substantive provision of the ICA. Accordingly, Plaintiffs have failed to state a claim.

4.     **Plaintiffs' State Law Claims Should Be Dismissed.**

Plaintiffs' remaining claims for breach of fiduciary duty and negligence are brought under state law pursuant to supplemental jurisdiction. Since the federal claims must be

10

dismissed, the state law claims should be as well. *See* 28 U.S.C. § 1367(c); *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 726 (1966).

## IV.    **CONCLUSION**

WHEREFORE, for the above-stated reasons, the A I M Defendants respectfully request that this Court enter an order dismissing, with prejudice, all counts in the Complaint.

Respectfully submitted,

*Paul E Ridley*

Paul E. Ridley
State Bar No. 16901400

KIRKPATRICK & LOCKHART
NICHOLSON GRAHAM LLP
2828 North Harwood Street, Suite 1800
Dallas, Texas 75201
(214) 939-4900 (main)
(214) 939-4949 (fax)

Of Counsel:

Jeffrey B. Maletta
1800 Massachusetts Avenue, N.W.
Washington, D.C. 20036
(202) 778-9000

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Memorandum Of Law In Support Of The Aim Defendants' Motion To Dismiss has been sent by certified mail, return receipt requested on the _____ day of May, 2005, to the following counsel of record:

Randall K. Pulliam
BARON & BUDD, P.C.
3102 Oak Lawn Avenue, Suite 1100
Dallas, Texas   75219

Paul D. Flack
NICKENS KEETON LAWLESS
FARRELL & FLACK, L.L.P.
600 Travis Street, Suite 7500
Houston, Texas 77002

Paul E. Ridley

12